JS 44
(Rev. 12/96)

# CIVIL COVER SHEET   B 01-111

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Eight Thousand Nine Hundred Eighty Dollars ($8,980.00) In United States Currency

United States District Court
Southern District of Texas
FILED
JUN 2 7 2001
Michael N. Milby
Clerk of Court

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ronald G. Morgan
600 E. Harrison Street, #201
Brownsville, TX 78520-7114
(956) 548-2554

ATTORNEYS (IF KNOWN)
Heriberto Eddie Medrano
1101 W. Tyler Street
Harlingen, TX 78550

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U S Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 690 Other | SOCIAL SECURITY | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | LABOR | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 710 Fair Labor Standards Act | 862 Black Lung (923) | 891 Agricultural Acts |
| 195 Contract Product Liability | PERSONAL INJURY | 720 Labor/Mgmt Relations | 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| REAL PROPERTY | 362 Personal Injury - Med Malpractice | 730 Labor/Mgmt Reporting & Disclosure Act | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 365 Personal Injury - Product Liability | 740 Railway Labor Act | 865 RSI (405(g)) | 894 Energy Allocation Act |
| 220 Foreclosure | 368 Asbestos Personal Injury Product Liability | 790 Other Labor Litigation | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | PERSONAL PROPERTY | 791 Empl Ret Inc Security Act | 870 Taxes (U S Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 370 Other Fraud | CIVIL RIGHTS | 871 IRS - Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 371 Truth in Lending | 441 Voting | | 890 Other Statutory Actions |
| 290 All Other Real Property | 380 Other Personal Property Damage | 442 Employment | | |
| | 385 Property Damage Product Liability | 443 Housing/Accommodations | | |
| | PRISONER PETITIONS | 444 Welfare | | |
| | 510 Motions to Vacate Sentence | 440 Other Civil Rights | | |
| | HABEAS CORPUS: | | | |
| | 530 General | | | |
| | 535 Death Penalty | | | |
| | 540 Mandamus & Other | | | |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY)

21 § 881(a)(6)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 6-27-1
SIGNATURE OF ATTORNEY OF RECORD
Ronald G. Morgan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIV. NO. B-01-B 01-111 |
| § | |
| EIGHT THOUSAND NINE HUNDRED § | |
| EIGHTY DOLLARS ($8,980.00) § | |
| IN UNITED STATES CURRENCY § | |
| § | |
| Defendant. § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES the United States of America, Plaintiff, by and through its attorneys GREGORY A. SERRES, United States Attorney, and RONALD G. MORGAN, Assistant United States Attorney, and in support of this Complaint for forfeiture in rem states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U. S. C. § 881(a)(6) for the forfeiture of the Defendant Currency which was used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. On or about December 7, 2000, the $8,980 in United States Currency (hereinafter "Defendant Currency") was seized in Cameron County, Texas, within the jurisdiction of this Court, by law enforcement agents.

4. On or about December 7, 2000, at approximately 12:40 p.m., a Harlingen Police

Department Special Investigations Unit was conducting drug interdiction inspections at the Valley International Airport in Harlingen, Texas. The agents had been informed by the Little Rock, Arkansas, Police Department, to be on the look out for three individuals traveling from Little Rock to Harlingen. The three individuals were known by the Little Rock police to be involved in the distribution of controlled substances.

6. According to the Little Rock police, the three individuals had purchased airline tickets that morning with cash and with a return trip scheduled for early the next morning. Upon information and belief, the Government avers that this is procedure is typically used by individuals transporting contraband.

7. When Willie Frank McHenry (hereinafter "Claimant") and his two traveling companions exited the aircraft, it appeared to the agents that the travelers made a concerted effort to appear to not be traveling together. The agents approached the Claimant and engaged in a consensual conversation with him. During that conversation, Claimant was asked whether he was carrying any large amounts of cash or weapons or controlled substances. Claimant answered no.

8. The officers asked Claimant about a large bulge in Claimant's jeans pocket. At that juncture, Claimant admitted that it was money.

9. Claimant extracted the Defendant Currency from his pocket. The currency was comprised of eighty - $100 bills; ten - $50 bills; and twenty-four $20 bills. The currency was in separate stacks wrapped in colored rubber bands.

10. When asked if the Defendant Currency was his, Claimant disclaimed ownership. When asked who owned the Defendant Currency, Claimant stated that the currency belonged to a

person named Carlos, whose last name Claimant did not know.

11. When asked about the reason for his visit to Harlingen, Claimant stated that he owned a trucking company and that he was to meet with the local Coca Cola company to discuss transporting soft drinks for the company. Claimant, however, was unable to identify with whom he was to meet or when that meeting was to occur.

12. Claimant was asked how long he planned to stay in the Harlingen area and replied "a couple of days."

13. As set forth above, Claimant's airline ticket indicated that his return trip was scheduled for departure at approximately 6:10 a.m. the next morning.

14. Clamant was asked whether he was related to Percy Jerome Smith, who was traveling with Claimant and who was also discovered carrying a large amount of cash, approximately $5,000 also divided and wrapped with rubber bands. Claimant stated that he and Smith were not related, but they were friends.

15. The agents subsequently checked with the local Coca Cola bottler and were told that all transportation of Coca Cola products was done by employees of Coca Cola in Coca Cola owned vehicles and that no appointment with Claimant had been scheduled.

16. On April 6, 2001, Willie Frank McHenry filed an administrative claim for the Defendant currency. In that claim, Willie Frank McHenry, contrary to his statements at the time of the initial encounter when he disclaimed ownership of the Defendant Currency, now claims to be the owner of the currency.

17. The evidence establishes that there was probable cause to seize the Defendant

3

Currency and by a preponderance that the Defendant Currency is forfeitable to the United States as set forth in Title 21, United States Code, Section 881(a)(6).

18. The Defendant Currency was used, or intended to be used, in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays:

1. Monition issue according to the normal procedure of this Court citing all persons having an interest in the above described Defendant Currency to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2. That Warrant of Seizure issue to the United States Marshal commanding him to seize the Defendant Currency;

3. That judgment of forfeiture to the United States be decreed against the Defendant Currency; and

4. For costs and such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

4

Case 1:01-cv-00111    Document 1    Filed in TXSD on 06/27/2001    Page 6 of 11

By:  _____
RONALD G. MORGAN
Assistant U. S. Attorney
Federal Bar No. 23902
TX Bar No. 00795014
600 East Harrison, # 201
Brownsville, Texas 78520
Tel No. (956) 548-2554
Fax No. (956) 548-2711

# VERIFICATION

I, <u>Esteban Mendoza</u>, upon oath declare and say that:

1. I am a Task Force Officer with the Drug Enforcement Administration and I am one of the agents responsible for the investigation concerning this litigation.

2. I have read the above Complaint for Forfeiture.

3. I have furnished the information leading to the allegations contained in the Complaint for Forfeiture.

4. Based on my investigation, the information and allegations contained in the Complaint for Forfeiture are true and correct and establish by a preponderance of the evidence proof to seize and forfeit the Defendant Currency as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __31__ Day of __May__, 2001.

_____
ESTEBAN MENDOZA
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this the __31st__ day of __May__, 2001.

[Notary Seal: Melva I. Tamez, Notary Public, State of Texas, My Commission Expires December 6, 2004]

_____
Notary Public for the States of Texas

My commission expires on __12/06/2004__.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** was sent, via first-class mail, return receipt requested, to counsel for the claimant, in accordance with prior agreement with counsel for the Claimant, to the address listed below on this **27th** day of **June**, 2001.

Eddie Heriberto Medrano
1101 W. Tyler Street
Harlingen, Texas 78550

RONALD G. MORGAN
Assistant U.S. Attorney

**WARRANT OF SEIZURE AND MONITION**
**UNITED STATES DISTRICT COURT**
for the
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

To the United Marshals Service or any designated agent:

      **WHEREAS,** on this day, a Complaint for Forfeiture was filed in the United States District Court for the Southern District of Texas, by GREGORY A. SERRES, United States Attorney for said district, on behalf of the United States of America, against the following described property:

EIGHT THOUSAND NINE HUNDRED EIGHTY DOLLARS ($8,980) IN UNITED STATES CURRENCY

and praying that all person interested in said goods, wares, and merchandise may be cited in general and special, to answer the premises; and due proceedings being had, that the said goods, wares, and merchandise may, for the causes in said Complaint mentioned, be condemned as forfeited to the use of the United States.

      **YOU ARE THEREFORE HEREBY COMMANDED** to attach the said goods, wares, and merchandise, and to detain the same in your custody until further order of said Court respecting the same; and to give notice by publication in the LOCAL NEWSPAPER to all persons claiming the same, or knowing or having anything to say why the same should not be condemned as forfeited to the use of the United States, pursuant to the prayer of said Complaint, that they be and appear before this Court, at the City of Brownsville within the (30) days after giving of publication notice, if the same shall be a day of jurisdiction thereafter, then and there to interpose a claim for the same and to make their allegations in that behalf and that they shall file and serve their answers within (20) days after the filing of said claims. And what you have done in the premises, do you then and there make return thereof, together with this writ.

| WITNESS THE HONORABLE | UNITED STATES DISTRICT JUDGE AT: <br><br> BROWNSVILLE, TEXAS |
|---|---|
| DATE: | CLERK: <br><br> MICHAEL N. MILBY |
|  | BY DEPUTY CLERK: |

RETURNABLE ___ DAY AFTER ISSUE.

## SERVICE RETURN

| DISTRICT: | DATE THE WRIT WAS RECEIVED AND EXECUTED |
|---|---|
| U.S. MARSHAL | BY DEPUTY MARSHAL: |

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN  DISTRICT OF  TEXAS

UNITED STATES OF AMERICA

V.

Eight Thousand Nine Hundred
Eighty Dollars ($8,980.00)
In United States Currency

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

B 01-111

TO: (Name and Address of Defendant)

Heriberto Eddie Medrano
Attorney at Law
1101 W. Tyler Street
Harlingen, TX 78550

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ronald G. Morgan
Assisant U.S. Attorney
U.S. Attorney's Office
600 E. Harrison Street
Brownsville, TX 78520-7114

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

June 27, 2001
DATE

**WARRANT OF SEIZURE AND MONITION**
**UNITED STATES DISTRICT COURT**
for the
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

CAB-01-111

To the United Marshals Service or any designated agent:

**WHEREAS**, on this day, a Complaint for Forfeiture was filed in the United States District Court for the Southern District of Texas, by GREGORY A. SERRES, United States Attorney for said district, on behalf of the United States of America, against the following described property:

EIGHT THOUSAND NINE HUNDRED EIGHTY DOLLARS ($8,980) IN UNITED STATES CURRENCY

and praying that all person interested in said goods, wares, and merchandise may be cited in general and special, to answer the premises; and due proceedings being had, that the said goods, wares, and merchandise may, for the causes in said Complaint mentioned, be condemned as forfeited to the use of the United States.

**YOU ARE THEREFORE HEREBY COMMANDED** to attach the said goods, wares, and merchandise, and to detain the same in your custody until further order of said Court respecting the same; and to give notice by publication in the LOCAL NEWSPAPER to all persons claiming the same, or knowing or having anything to say why the same should not be condemned as forfeited to the use of the United States, pursuant to the prayer of said Complaint, that they be and appear before this Court, at the City of Brownsville within the (30) days after giving of publication notice, if the same shall be a day of jurisdiction thereafter, then and there to interpose a claim for the same and to make their allegations in that behalf and that they shall file and serve their answers within (20) days after the filing of said claims. And what you have done in the premises, do you then and there make return thereof, together with this writ.

| WITNESS THE HONORABLE<br>**Hilda G. Tagle** | UNITED STATES DISTRICT JUDGE AT:<br>BROWNSVILLE, TEXAS |
|---|---|
| DATE:<br>6-27-01 | CLERK:<br>MICHAEL N. MILBY<br>BY DEPUTY CLERK: *[signature]* |

RETURNABLE ___ DAY AFTER ISSUE.

### SERVICE RETURN

| DISTRICT: | DATE THE WRIT WAS RECEIVED AND EXECUTED |
|---|---|
| U.S. MARSHAL | BY DEPUTY MARSHAL: |